THE STATE OF KANSAS, ex rel. LEE BOND, as County Attorney, etc., and J. A. RHODES, *Appellees,* v. C. C. MAYER, *Appellant.*

No. 18,194.

SYLLABUS BY THE COURT.

1. HIGHWAY—*Prescription—Injunction—Pleadings.* In an action to enjoin the closing of an alleged road the state was made a party. The court found that the strip of land in question was a road by prescription or public user. *Held,* that the defendant was not prejudiced by failure to require the two plaintiffs to separately state and number their causes of action.

2. FINDINGS OF FACT—*Conclusive.* The rule that findings based upon evidential grounds must stand, followed.

Appeal from Leavenworth district court; JOHN H. WENDORFF, judge. Opinion filed October 11, 1913. Affirmed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*James B. Kelsey,* county attorney, for the state.

*Floyd E. Harper,* of Leavenworth, for appellee J. A. Rhodes.

The opinion of the court was delivered by

WEST, J.: Plaintiff Rhodes sued to enjoin the closing of an alleged road along the south side of the defendant's land. Later the state was made a party on the relation of the county attorney. The court heard all the evidence and found that the strip of land in controversy had become "a public road by prescription or public user and not by mere license of the owner," and granted the injunction. The defendant appeals, and the main contention is that there was no evidence to warrant the finding and decree, and that error was committed in not compelling the two plaintiffs to separately state and number their causes of action, the one being private

and the other public in nature. If, as found, the road was one by prescription or public user, then the plaintiff as an adjoining landowner and necessary user of the road had a peculiar interest in its remaining open, while the public had a general interest in having it kept open for general use. It is not clear from the abstract whether the state was added as a party or substituted for the plaintiff, but the question whether the strip in controversy was a road or not was fully tried and determined, and we can not discern how the defendant could have been materially prejudiced by this change in the pleading.

It is earnestly contended that there was no evidence to warrant the finding and conclusion of the trial court, and we have examined the record with considerable care for the purpose of determining the correctness of this complaint. While much of the testimony was unsatisfactory, different persons who had known the situation various portions of the time for the last forty years testified to the use of the strip in question, to a fence which at one time separated it from the land of the defendant, and to various other matters from which it was possible to reach the conclusion that it had been dedicated to public use and for many years treated as a public highway. At any rate, it is impossible to say that the conclusion of the trial court was without evidential basis.

Various questions are suggested touching the law of dedication, user and acceptance, but it is not necessary to discuss them, for the reason that the case as presented here is essentially one of fact, and having been determined by the trial court, which saw and heard the witnesses and was doubtless more familiar with the situation than we can be from the mere reading of the record, and such record showing that there were grounds for the determination reached, we can do naught but approve the ruling.

The judgment is therefore affirmed.